1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10

11   KEITH D. ARLINE, Jr,                    Case No.:  3:22-cv-0284-DSM-RBB
     CDCR #T-13192,
12                                           **ORDER:**
                                Plaintiff,
13                                           **1)  GRANTING MOTION TO**
                   vs.                       **PROCEED IN FORMA PAUPERIS**
14                                           **[ECF No. 2]**
15   I. CORNEJO; S. AVELOS;
     D. BAEZA; J. GARCIA,                    **AND**
16
                                Defendants.  **2)  DIRECTING U.S. MARSHAL TO**
17                                           **EFFECT SERVICE OF COMPLAINT**
                                             **AND SUMMONS PURSUANT TO**
18                                           **28 U.S.C. § 1915(d) AND**
                                             **Fed. R. Civ. P. 4(c)(3)**
19
20
21
22        Plaintiff Keith D. Arline, currently incarcerated at Centinela State Prison ("CEN")

23   located in Imperial, California, and proceeding pro se, has filed a civil rights complaint

24   pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1. Plaintiff claims various prison

25   officials at CEN violated his First and Eighth Amendment rights. He seeks $40,000 in

26   compensatory and $120,000 in punitive damages.

27
28

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

## I.   Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes,* 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

2

payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84.

In support of his IFP Motion, Plaintiff has submitted a copy of his CDCR Inmate Statement Report as well as a Prison Certificate completed by an accounting officer at CEN. *See* ECF No. 4 at 1-4; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show Plaintiff has carried an average monthly balance of $602.29 and had an average monthly deposit of $306.22 to his account over the 6-month period immediately preceding the filing of his Complaint. He maintained an available balance of $852.47 at the time of filing.

Based on this accounting, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2) and assesses an initial partial filing fee of $120.46 pursuant to 28 U.S.C. § 1915(b)(1). However, this initial fee need be collected only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 577 U.S. at 86; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected by the agency having custody of Plaintiff and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).

## II.   Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A.   Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint also requires a preliminary screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

(discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B.   <u>Factual Allegations</u>

On March 18, 2021, Plaintiff appeared before a committee for a disciplinary hearing arising from a Rules Violation Report ("RVR") that was issued to him. *See* Compl. at 3. Specifically, Plaintiff was charged with "refusing to accept assigned housing." *Id.* Plaintiff called Defendant I. Cornejo ("Cornejo") as a witness and his statements resulted in a "not guilty finding" by the Senior Hearing Officer ("SHO"). *Id.* Cornejo had "made it clear" that he did not "inform the sergeant regarding [Plaintiff's] bed move requests." *Id.*

After the hearing, Cornejo approached Plaintiff and told him "you're moving to C-yard." *Id.* Plaintiff protested this move by informing Cornejo that the RVR had been dismissed and he should not be moved to another yard. *See id.* Cornejo responded by asking "how many plastic bags" Plaintiff needed to move his property. Plaintiff claims that Defendant S. Avelos ("Avelos") acted with "constructive retaliation" by failing to process his "requests for cell moves." *Id.* Plaintiff claims that these alleged acts were in retaliation for "calling an officer (I. Cornejo) as a witness in a prison disciplinary hearing." *Id.* at 4.

Plaintiff was transferred to the "C-yard" on March 18, 2021. *Id.* at 6. During the transfer, Plaintiff was "secured" with waist chains and handcuffs by Defendant J. Garcia ("Garcia"). *Id.* Plaintiff "made [Garcia] aware" of the tightness of the handcuffs. *Id.* Garcia responded by telling Plaintiff "you're good." *Id.* Plaintiff informed defendant D. Baeza ("Baeza") that the handcuffs were "placed on tight" and asked Baeza to loosen them. *Id.* Baeza "checked them" and stated, "you have room." *Id.*

During the transfer to another yard, Plaintiff's personal belongings were on an "inadequate small black pushcart instead of a large orange bin." *Id.* Baeza "failed to act to have [Plaintiff] utilize the proper transportation" or "provide an alternative." *Id.* Plaintiff also again "complained about the excruciating pain the handcuffs were causing from rubbing against the skin" of Plaintiff's wrist. *Id.* Plaintiff "showed the redness on both wrists" and asked Baeza again to loosen the handcuffs "which was recklessly denied." *Id.*

When Plaintiff arrived at the facility, he was "sent to the program office and placed into a holding cage." *Id.* at 7. Plaintiff "requested immediate medical service." *Id.* A nurse "documented and treated the injuries on [Plaintiff's] wrist." *Id.* Plaintiff alleges that he suffered from "blisters, open wounds, and bled" from the tight handcuffs. *Id.*

### C.   42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under

5

color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

       D.   <u>First and Eighth Amendment Claims</u>

The allegations in Plaintiff's Complaint are pleaded with enough factual sufficiency to survive the "low threshold" set for sua sponte screening as required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678; *Hudson v. McMillian*, 503 U.S. 1, 5, (1992) (unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment); *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam) (for claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.") (citing *Hudson*, 503 U.S. at 7); *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.").

Therefore, the Court will order the U.S. Marshal to effect service upon Defendants on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if

the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").[2]

## III.    Conclusion and Order

For the reasons explained, the Court:

1.      **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2.      **DIRECTS** the Secretary of the CDCR, or her designee, to collect from Plaintiff's trust account the $120.46 initial filing fee assessed, *if those funds are available at the time this Order is executed*, and to forward that initial fee, as well as whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.      **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Kathleen Allison, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov.

4.      **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) upon Defendants and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each named Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint, and the summons so that he may serve each Defendant. Upon receipt of this "IFP Package," Plaintiff must complete the USM Form 285 as completely and accurately as possible, include an address where each Defendant may be found and/or subject to service pursuant to S.D. Cal. CivLR 4.1c., and return them to the U.S. Marshal according to the instructions the Clerk provides.

---

[2] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

5.     **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendants upon receipt and as directed by Plaintiff on the completed USM Form 285s, <u>and to promptly file proof of service, or proof of all attempts at service unable to be executed, with the Clerk of Court</u>. *See* S.D. Cal. CivLR 5.2. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

6.     **ORDERS** Defendants, once served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond).

7.     **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of service upon Defendants, or their counsel, may be disregarded.

**IT IS SO ORDERED**.

Dated:  March 23, 2022

Hon. Dana M. Sabraw, Chief Judge
United States District Court

3:22-cv-0284-DSM-RBB