UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH D. ARLINE, JR., CDCR #T-13192,<br><br>         Plaintiff,<br><br>v.<br><br>I. CORNEJO, et al.,<br><br>         Defendants. | Case No.:  22cv284-DMS(LR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE**<br><br>**[ECF No. 19]** |

  On January 3, 2023, Plaintiff Keith D. Arline, Jr., a prisoner proceeding *pro se*, filed a Motion "Requesting Appointed Counsel," in which he asks that the Court "appoint a trained lawyer" to represent him in this Section 1983 action.  (See ECF No. 19 ("Pl.'s Mot.") at 1, 3.)  In support of his request, Plaintiff contends that: (1) he lacks legal training to properly articulate his claims and navigate court procedure; (2) the issues in this case are particularly complex and require expert witness testimony; (3) he has limited access to the prison's law library to perform legal research; and (4) he lacks the financial resources to retain counsel.  (See Pl.'s Mot. at 2.)  Each of these issues would be resolved, and the case would proceed more efficiently and effectively if—as Plaintiff argues—the Court were to appoint counsel to represent him.  (See id.)

///

      The Constitution provides no right to appointed counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation.  See Lassiter v. Dep't of Soc. Servs. of Durham Cnty., N.C., 452 U.S. 18, 25 (1981); see also Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (finding no abuse of discretion in denying appointment of counsel in Section 1983 action); Hedges v. Resolution Trust Corp., 32 F.3d 1360, 1363 (9th Cir. 1994) ("there is no absolute right to counsel in civil proceedings.").  Under 28 U.S.C. § 1915(e)(1), however, courts have the authority to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances."  Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004) (citation omitted).  When assessing whether exceptional circumstances exist, courts must evaluate "the likelihood of the plaintiff's success on the merits" and "the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'"  Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).  Both of these factors must be reviewed before deciding whether to appoint counsel, and neither factor is individually dispositive.  Wilborn, 789 F.2d at 1331.

      Having reviewed Plaintiff's arguments, the Court concludes that neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time.  Plaintiff has successfully navigated the Court system thus far, filing a Complaint with attachments totaling fifty-seven pages.  (ECF No. 1.)  Additionally, even assuming that the issues in this litigation are complex, Plaintiff's Motion for Appointment of Counsel articulates how he plans to seek discovery related to his alleged injuries and demonstrate the motive behind the Defendants' actions.[1]  (See Pl.'s Mot. at 2 (describing

---

[1] In addition to the contentions in his Motion for appointment of counsel (ECF No. 19), Plaintiff filed a supplemental document addressed to the "Pro-Bono Panel," requesting that he be appointed counsel in this action. (See ECF No. 25.)  This letter notes that Plaintiff is proceeding with a claim under the First Amendment for retaliation, as well as one under the Eighth Amendment for excessive force, demonstrating that he is able to articulate the claims at issue in this litigation.  (See id.)  Additionally, Plaintiff explains that he is in the discovery phase of this case and needs an attorney to "obtain an expert witness, to discuss the injuries to wrist and possible dangers I had faced, to show the rules and

expert discovery related to injuries from tight handcuffs).) This indicates that Plaintiff has at least a base understanding of the claims at issue in his case and ability to litigate this action. See, e.g., Farr v. Paramo, Case No.: 16cv1279-JLS(MSB), 2019 WL 4674294, at *2 (S.D. Cal. Sept. 25, 2019) (finding that appointment of counsel was inappropriate where the plaintiff successfully articulated the nature of his claims in multiple filings); Myers v. Basto, Case No.: 18cv2239-DMS(BLM), 2019 WL 265134, at *1-2 (S.D. Cal. Jan. 18, 2019) (finding that plaintiff had not alleged exceptional circumstances warranting the appointment of counsel where the plaintiff was unable to afford counsel and had limited access to the prison's law library).

Moreover, the early stage of this litigation also cuts against appointing counsel at this time. See Wilborn, 789 F.2d at 1331 ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."). While the Court has previously determined that the allegations in Plaintiff's Complaint are pleaded with factual sufficiency, that determination was made only within the context of the very "low threshold" for proceeding past the *sua sponte* screening required for the Court to order United States Marshal service. (ECF No. 5.) Plaintiff has not yet survived a motion for summary judgment on the merits, leaving the Court with insufficient facts to determine whether Plaintiff has a strong likelihood of success such that appointment of counsel is warranted. See, e.g., Rios v. Paramo, Case No.: 14-cv-01073-WQH (DHB), 2016 WL 4248624, at *3 (S.D. Cal. Aug. 11, 2016) (noting that insufficient facts had been developed to determine whether the plaintiff had demonstrated a likelihood of success on the merits when he had not yet survived a motion for summary judgment).

In light of Plaintiff's demonstrated ability to articulate his claims, as well as his failure to demonstrate a likelihood of success on the merits at this stage of the litigation,

---

regulations violated, [and] retaliatory motive," demonstrating that he has a basic understanding of how discovery should proceed. (Id.)

the Court concludes that neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. Accordingly, the Court **DENIES** without prejudice Plaintiff's motion to appoint counsel. Should Plaintiff's circumstances change, he may be permitted to file another motion to appoint counsel in the future.

**IT IS SO ORDERED.**

Dated: February 1, 2023

Honorable Lupe Rodriguez, Jr.
United States Magistrate Judge